UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division – Detroit

LITTLE CAESAR ENTERPRISES,
INC.,

  Plaintiffs and Counter Defendant,

    v.

MIRAMAR QUICK SERVICE
RESTAURANT CORPORATION, *et al*.,

  Defendants and Counterclaimants.

Case No.18-cv-10767
Hon. Terrence G. Berg

_____/

| | |
|---|---|
| Miller, Canfield, Paddock & Stone, PLC | Kerby Roberson, Esq. |
| Larry J. Saylor (P28165) | BBO# 559925 |
| Attorney for Plaintiffs | Attorney for Defendants |
| 150 W. Jefferson Avenue, Suite 2500 | 1283 Hyde Park Avenue |
| Detroit, MI 48226 | Boston, MA 02136 |
| (313) 963-6420 | kerby@robersonlaws.com |
| Saylor@millercanfield.com | 617-364-3030 |
| | 617-364-3035 Fax |
| | |
| | Hammoud, Dakhlallah & Associates PLLC |
| | Kassem M. Dakhlallah (P70842) |
| | Local Counsel for Defendants |
| | 6050 Greenfield, Suite 201 |
| | Dearborn, MI 48126 |
| | (313) 551-3038 phone |
| | (313) 551-3136 fax |
| | kd@hdalawgroup.com |

_____/

## **MOTION FOR LEAVE TO WITHDRAW AS DEFENDANTS' COUNSEL**

## NOTICE OF MOTION AND MOTION

TO THIS HONORABLE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

HAMMOUD, DAKHLALLAH & ASSOCIATES PLLC ("Defendants' Local Counsel") hereby move this court for leave to withdraw as counsel of record in this action.

The bases for this Motion are set forth in the attached Brief. Defendants have failed to abide by their agreement with Defendants' Local Counsel to pay their full retainer for the legal services rendered in this matter, to pay bills that have accrued, and, further, do not presently have the ability to pay for legal services and out-of-pocket expenses that would be incurred going forward. Furthermore, by written communication, Defendants have discharged Defendants' Local Counsel. Moreover, there has been a breakdown in communication and trust between attorney and client.

On July 6, 2018, Hammoud, Dakhlallah & Associates PLLC sought concurrence with this Motion from Plaintiff's counsel. Plaintiff's counsel has not responded to the inquiry regarding whether they concur in this Motion.

Respectfully submitted,

HAMMOUD DAKHLALLAH
& ASSOCIATES, PLLC

/s/ Kassem M. Dakhlallah
Kassem M. Dakhlallah (P70842)
Local Counsel for Defendants
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
Ph.: (313) 551-3038
Dated: July 10, 2018            Email: kd@hdalawgroup.com

i

## **STATEMENT OF THE ISSUE PRESENTED**

Whether the Court should grant leave to Defendants' Local Counsel to withdraw as a result of non-payment for legal services rendered, an apparent inability to make payments moving forward, the fact that Defendants have discharged Defendants' Local Counsel and the breakdown in the attorney-client relationship[ between Defendants and Defendants' Local Counsel?

Defendants' Local Counsel respectfully submit that the answer is "yes."

## **CONTROLLING AUTHORITY**

The Court has discretion to grant leave to withdraw. *U.S. v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001).

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

I. **STATEMENT OF FACTS**

Defendants entered into their Engagement Agreement with Defendants' Local Counsel on April 29, 2018 ("Agreement"). They were required to pay a security retainer in a certain amount upon signing the Agreement. To date, they have not paid the full retainer fee. Pursuant to the Agreement, they are required to pay all fees and costs promptly. They have not done so.

Pursuant to the Agreement, failure to pay fees and costs when incurred is grounds for Defendants' Local Counsel to withdraw its representation of Defendants.

Furthermore, Defendants have discharged Defendants' Local Counsel and have ceased communication with Defendants' Local Counsel.

For various other reasons that can be made known to the Court in camera, there has been a breakdown in trust and in the attorney-client relationship between Defendants and Defendants' Local Counsel.

As the Court is aware, Defendants are represented by another attorney in addition to Defendants' Local Counsel. Defendants' Local Counsel has repeatedly informed Defendants that if they do not abide by the payment terms of the Agreement, Defendants' Local Counsel will be filing this present Motion.

Defendants' Local Counsel seeks leave to withdraw as counsel for these reasons and as set forth more fully below.

II. **ARGUMENT**

A. <u>Non-Payment Is a Basis for Withdrawal</u>.

The Court has discretion to grant leave to withdraw as counsel. *U.S. v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001). A lawyer's withdrawal from a matter is governed by the pertinent

1

local and ethical rules. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009) (permitting withdrawal as a result of client's failure to pay). Michigan recognizes a lawyer's right to withdraw if a client fails to pay the lawyers' expenses and fees. *See* Michigan Rule of Professional Conduct 1.16(b) and subparagraph (4) and Dubin & Schwartz, Michigan Rules of Professional Conduct and Disciplinary Procedure, p 1-172.

Other jurisdictions also find withdrawal for nonpayment justifiable. "If during the course of litigation attorney fees are not paid when due, an attorney may demand payment of accrued fees and withdraw from the case if the fees are not paid within a reasonable time." *Reed Yates Farms Inc v. Yates,* 172 Ill. App. 3d. 519, 527; 122 Ill. Dec. 576; 526 N.E.2d 1115, 1121 (1988). "Justifiable cause for attorney withdrawal includes failure or refusal of a client to pay or secure the proper fees after being seasonably requested to do so." *Jacobs v. Pendel*, 98 N.J. Super 252, 255; 236 A2d 888, 890 (1967); *see also Hammond v. T.J. Little and Co.*, 809 F Supp. 156 (D. Mass. 1992)*; Dowling v. Peyroux*, 12 La App 551, 126 So 270 (1930); *Avery v. Jacob*, 59 N.Y. Super. Ct. 585, 15 N.Y.S. 564 (1891); *Pickard v. Pickard*, 83 Hun. 338, 31 N.Y.S. 987 (1894); *Harvey v. FW Dodge Corp.*, 169 Misc. 781, 8 N.Y.S.2d 935 (1938); *Fairchild v. General Motors Acceptance Corp*, 354 Miss. 261, 179 So. 2d 185 (1965); *Harms v. Simkin*, 322 S.W.2d 930 (Mo. Ct. App. 1959); *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965).

Before withdrawal under MRPC 1.16(b)(4) is permitted, a lawyer must give a client "reasonable warning that the attorney will withdraw unless the obligation is fulfilled." *See Bye v. Ferguson*, 138 Mich. App. 196; 360 N.W.2d 175 (1984) (Michigan Court of Appeals required client notice regardless of whether a lawyer's withdrawal was justified). Defendants have always known that failure to pay their legal fees was a basis for withdrawal since that is explicitly explained in the Agreement. Moreover, Defendants' Local Counsel met this obligation by advising the clients of the consequences of nonpayment several times, including

that counsel would seek permission to withdraw. Further, counsel has sent a copy of this motion and brief to Defendants.

This case is in its infancy. The Court has not scheduled the initial scheduling conference yet. Requiring Defendants' Local Counsel to bear the financial burden of litigating this case to its conclusion in the face of Defendants' inability to pay fees and costs would be patently unjust. The First Circuit, in reversing a trial court's denial of a motion to withdraw for non-payment explained it best:

> Lieberman faces substantial additional financial exposure should he be required to go forward. Several pretrial matters have yet to be resolved, and the trial itself will last more than a week. Counsel already has expenses that have not been reimbursed, and there may well be additional substantial expenses that will need to be incurred at trial. It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position. Under these circumstances, the lower court abused its discretion in refusing to let Lieberman withdraw.

*Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39-40 (1st Cir. 2001).

For these reasons, granting leave to withdraw would certainly be within the Court's discretion.

### B.  There Would be No Prejudice in Permitting a Withdrawal.

Defendants are represented by a second attorney in this case in addition to Defendants' Local Counsel. The other attorney, Kerby Roberson, has represented Defendants in this matter since before litigation was filed. He is well versed in the issues in this case, and can adequately represent Defendants without the assistance of Defendants' Local Counsel. Accordingly, withdrawal of Defendants' Local Counsel would not prejudice Defendants in any way.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Local Counsel respectfully request that the

Court grant this motion for leave to withdraw as counsel of record.

                Respectfully submitted,

                HAMMOUD DAKHLALLAH
                & ASSOCIATES, PLLC


                /s/ Kassem M. Dakhlallah_____
                Kassem M. Dakhlallah (P70842)
                Local Counsel for Defendants
                6050 Greenfield Rd., Ste., 201
                Dearborn, MI 48126
                Ph.: (313) 551-3038
Dated: July 10, 2018          Email: kd@hdalawgroup.com

## CERTIFICATE OF SERVICE

I, Kassem Dakhlallah, hereby certify that on July 10, 2018, I caused Motion for Leave to Withdraw as Defendants' Counsel and this Certificate of Service to be served by the Court's electronic filing system on all individuals designated therein as service recipients for this case.

                /s/ Kassem M. Dakhlallah_____

                Kassem M. Dakhlallah (P70842)