# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVSION

| | |
|---|---|
| LITTLE CAESAR ENTERPRISES, INC., LC TRADEMARKS, INC., | 2:18-CV-10767-TGB |
| Plaintiffs, | ORDER DENYING MOTION TO TRANSFER (DKT. 5) |
| vs. | |
| MIRAMAR QUICK SERVICE RESTAURANT CORPORATION, SILON CORPORATION, KHALID DRIHMI, ABDEL DRIHMI, | |
| Defendants. | |

This case arises out of Franchise Agreements entered into between Plaintiff Little Caesar Enterprises, Inc. and Defendants relating to Defendants' operation of four Little Caesar's pizza restaurants in Massachusetts and Connecticut. Defendants filed a motion seeking to have this action dismissed pursuant to 28 U.S.C. § 1406(a) or transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Pursuant to E.D. Mich. LR 7 .1(f)(2), no hearing will be held because the Court finds that oral argument will not significantly aid the decision-making process. For the reasons set forth below, Defendants' motion is **DENIED**.

## BACKGROUND

Plaintiff Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business in Detroit, Michigan (Dkt. 1, Compl. ¶ 1). Plaintiff franchises independent businesses to operate Little Caesar's pizza restaurants throughout the United States (*Id*.). Plaintiff LC Trademarks, Inc. is also a Michigan corporation with its principal place of business in Detroit, Michigan (*Id*. ¶ 2.) It owns the trademark, service mark, and trade name "LITTLE CAESARS" and related marks (Id.).

Defendant Miramar Quick Service Restaurant Corporation owned and operated two Little Caesar's franchises in Connecticut and Massachusetts pursuant to Franchise Agreements it entered into with Little Caesar with an effective date of November 19, 2013 (Compl. ¶ 3). Defendant Silon Corporation also owned and operated two Little Caesar's franchises in Connecticut pursuant to two separate Franchise Agreements with an effective date of December 29, 2015 (*Id*. ¶ 4). Defendant Khalid Drihmi is an officer and shareholder of Defendants Miramar Quick Service Restaurant Corporation and Silon Corporation, and personally guaranteed the obligations of those entities under their Franchise Agreements (*Id*. ¶ 5). Defendant Abdel Drihmi is an officer and shareholder of Defendant Silon Corporation, and personally guaranteed the obligations of that entity under its Franchise Agreements (*Id*. ¶ 6).

The Franchise Agreements at issue contain an express waiver by Defendants of any objection to venue in this Court in the event of litigation. Specifically, Section 23.2 of the Franchise Agreements provides:

> **Venue**. Any action brought by Franchisee or any affiliate or principal against Little Caesar shall be brought exclusively, and any action brought by Little Caesar against Franchisee or any

affiliate or principal may be brought, in the federal district court covering the location at which Little Caesar has its principal place of business at the time the action is commenced[.] The parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision. Franchisee, its affiliates and principals shall not dispute jurisdiction or venue in any forum established under this Section and shall not attempt to change venue established under this Section based on forum non conveniens or any other reason (Dkt. 2, Ex. 1, Franchise Agreement).

In February 2018, Plaintiff terminated Defendants' Franchise Agreements based on, among other things, Defendants' alleged failure to operate their restaurants in conformance with Little Caesar's prescribed methods, standards, and procedures; their alleged failure to timely provide to Little Caesar financial records and other information related to their franchises, which Little Caesar had requested in connection with an audit of their franchises; and their alleged failure on multiple occasions to make timely payments to Little Caesar's affiliate, Blue Line Foodservice Distribution, Inc., for food and supply deliveries (Compl. ¶¶ 40-62). Plaintiffs also allege that Defendants have continued to operate their Little Caesar's franchises in violation of their post-termination obligations (Compl. ¶ 61). Accordingly, Little Caesar filed this lawsuit to enforce the termination, raising claims for breach of the Franchise Agreements, trademark infringement, unfair competition, and trade dress infringement.

# ANALYSIS

In signing the Franchise Agreements, Defendants agreed that they would "not dispute jurisdiction or venue" should Little Caesar file suit in this district. "As with personal jurisdiction, [a] [d]efendant may waive objection to venue, and courts will generally enforce waivers made by agreement." *FCA US LLC v. Bullock*, No. 17-cv-13972, 2018 WL 1875597, at *5 (E.D. Mich. Apr. 19, 2018) (alteration in original) (citing *ViSalus, Inc. v. Smith*, No. 13-cv-10631, 2013 WL 2156031, at *8 (E.D. Mich. May 17, 2013). Defendants have not challenged the validity or enforceability of the forum selection clause in the Franchise Agreements, and thus have consented to venue in this Court.

Plaintiffs also correctly note that, even in the absence of the forum selection clause, venue would be proper in this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here. The federal venue statute "does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial part of the events occurred in the challenge[d] venue, even if a greater part of the events occurred

elsewhere." *ViSalus, Inc.*, 2013 WL 2156031, at *3. Plaintiffs are headquartered in this District.

Defendants' argument that this case should be transferred to Massachusetts under 28 U.S.C. § 1404(a) is equally unavailing. In Section 23.2 of their Franchise Agreements, Defendants expressly waived any objection to venue in this Court. The Supreme Court's unanimous decision in *Atlantic Marine* clarified the weight that a district court considering a motion to transfer pursuant to Section 1404(a) must give to a contractual forum selection clause such as the one at issue in this case. A forum selection clause "'represents the parties' agreement as to the most proper forum'" and such provisions "'[should be] given controlling weight in all but the most exceptional cases.'" 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 33 (1988)).

Defendants motion is not well-taken. In signing the Franchise Agreements, Defendants consented to being sued in this forum.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or transfer this case (Dkt. 5) is **DENIED**. The parties are hereby directed

to meet and confer, and then file a Rule 26(f) discovery plan within fourteen (14) days of the date of this order. The Court will then convene a telephonic scheduling conference, and thereafter issue a scheduling order.

**SO ORDERED**.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on November 15, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager