UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LITTLE CAESAR ENTERPRISES, INC**., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**MIRAMAR QUICK SERVICE RESTAURANT CORPORATION** et al.,<br><br>Defendants. | 2:18-cv-10767<br><br>HON. TERRENCE G. BERG<br><br>**PRELIMINARY INJUNCTION ORDER** |

By Order dated July 16, 2019 (ECF. No. 51), the Court granted the motion of Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc. for a preliminary injunction against Defendants Miramar Quick Service Restaurant Corporation, Silon Corporation, Khalid Drihmi, and Abdel Drihmi. For the reasons set forth in that Order, it is hereby **ORDERED** that, until a trial on the merits of this case can be held,[1] Defendants are preliminarily enjoined as follows:

1. Defendants and all persons in active concert or participation with them shall immediately and fully comply with the post-termination

---

[1] "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The findings of fact and legal conclusions made at the preliminary injunction stage are not binding at a trial on the merits. *Id.*

obligations contained in Sections 14 and 15 of the franchise agreements between them and Plaintiff Little Caesar Enterprises, Inc. Those obligations include but are not limited to the following:

  i. Defendants and all persons in active concert or participation with them shall immediately cease operating their former franchised LITTLE CAESARS restaurants located at 1380 Berlin Turnpike, Wethersfield, Connecticut 06109; 1762 Boston Road, Springfield, Massachusetts 01129; 394 Middle Turnpike West, Manchester, Connecticut 06040; and 306 Farmington Avenue, Hartford, Connecticut 06105, and shall not directly or indirectly, represent themselves to the public or hold themselves out as present or former franchisees of Little Caesar Enterprises, Inc.;

  ii. Defendants and all persons in active concert or participation with them shall immediately cease using, in any manner whatsoever: (a) any products or ingredients which incorporate trade secrets or any confidential methods, procedures, or techniques associated with the LITTLE CAESARS business system; and (b) Plaintiffs' proprietary marks and all other proprietary marks and distinctive forms, slogans, signs, symbols, and devices associated with the LITTLE CAESARS business system;

  iii. Defendants and all persons in active concert or participation with them shall make such modifications or alterations to the premises of their former franchised LITTLE CAESARS restaurants

(including but not limited to changing signs, color scheme, configuration, layout, wall tiles, and floor tiles) as may be necessary to distinguish the appearance of the premises from that of a LITTLE CAESARS restaurant, and shall make such specific additional changes as Plaintiffs may request to dissociate the location from the LITTLE CAESARS system;

      iv.     Defendants and all persons in active concert or participation with them shall not use any reproduction, counterfeit copy, or colorable imitation of Plaintiffs' proprietary marks in connection with any other business or the promotion thereof which is likely to cause confusion, mistake, or deception, or which is likely to dilute the rights of Plaintiffs or their affiliates in and to the proprietary marks;

      v.     Defendants and all persons in active concert or participation with them shall not use any designation of origin or representation which falsely suggests or represents an association or connection with Plaintiffs;

      vi.     Defendants and all persons in active concert or participation with them shall immediately return Plaintiffs' manuals and all other documents that contain confidential information relating to the operation of a LITTLE CAESARS restaurant;

      vii.     Commencing on the date of Defendants' compliance with this Order, until a trial on the merits of this case is held, Defendants and all persons in active concert or participation with them shall refrain from directly or indirectly, for themselves, or through, on behalf of, or in

conjunction with any other person, persons, or legal entity, owning, maintaining, advising, operating, engaging in, being employed by, making loans to, or having any interest in a quick service restaurant, located in the same Designated Market Area (as defined by Nielsen) of their former franchised LITTLE CAESARS restaurants, that is engaged in the sale of pizza, chicken wings, and/or related products; and

  viii. Commencing on the date of Defendants' compliance with this Order, until a trial on the merits of this case is held, Defendants and all persons in active concert or participation with them shall refrain from directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, or legal entity, owning, maintaining, advising, operating, engaging in, being employed by, making loans to, or having any interest in a quick service restaurant, located in the same Designated Market Area (as defined by Nielsen) of any LITTLE CAESARS restaurant, that is engaged in the sale of pizza, chicken wings, and/or related products

  2. Defendants shall comply with the deidentification checklist attached hereto as **Exhibit A** with respect to each of their former franchised LITTLE CAESARS restaurants.

  3. Defendants shall file with the Court and serve upon Plaintiffs, within fourteen (14) days after service upon Defendants of this Order, a report in writing and under oath setting forth in detail the manner and

form in which Defendants have complied with the preliminary injunction.

Finally, the Court finds that in light of Plaintiffs' high likelihood of success on the merits in this case and its financial wherewithal, no bond is necessary. *See Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013) (observing district court has "broad discretion" in setting bond required as security for preliminary injunction, including discretion to decide no bond required); *Dunkin' Donuts Franchised Rests. LLC v. Shrijee Inv., Inc.*, 08-cv-12836, 2008 WL 5384077, at *9 (E.D. Mich. Dec. 23, 2008) (granting preliminary injunction to enforce termination of franchisee for nonpayment and holding franchisor's "likelihood of success on the merits obviates any need for a bond."); *Radio One, Inc. v. Wooten*, 452 F. Supp. 2d 754, 760 (E.D. Mich. 2006) (holding no bond required for preliminary injunction where party receiving injunctive relief did not pose collection risk).

**SO ORDERED.**

Dated: July 25, 2019  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

 I hereby certify that this Order was electronically submitted on July 25, 2019, using the CM/ECF system, which will send notification to all parties.

            <u>s/Amanda Chubb</u>
            Case Manager

# EXHIBIT A

## STORE DEIDENTIFICATION CHECKLIST

- ✓ Remove all exterior LITTLE CAESARS signs
- ✓ Remove LITTLE CAESARS panel on the monument sign
- ✓ Remove LITTLE CAESARS materials from the lobby
- ✓ Remove LITTLE CAESARS front counter panel
- ✓ Remove all POP materials from the store
- ✓ Remove all window banners
- ✓ Remove all LITTLE CAESARS translights from the menu board
- ✓ Remove all LITTLE CAESARS product descriptions from the menu board
- ✓ Remove all LITTLE CAESARS job helpers, time management guidelines, product prep charts
- ✓ Remove all LITTLE CAESARS paperwork, forms, applications, charts
- ✓ Return all LITTLE CAESARS training materials to Little Caesar Corporate
- ✓ Discontinue using all LITTLE CAESARS materials in any advertising
- ✓ Remove all LITTLE CAESARS pizza boxes and any LITTLE CAESARS packaging from the store
- ✓ Remove all pizza spice, dough mix, and other proprietary food items from the store
- ✓ Discontinue the use of any LITTLE CAESARS product preparation procedures or secret recipes
- ✓ Remove all LITTLE CAESARS uniforms from the store
- ✓ Pay off all local vendors
- ✓ Cancel phone and all yellow page advertisements
- ✓ Remove all LITTLE CAESARS logos from checks and accounting paperwork
- ✓ Take all other action to remove from the store all trademarks and trade dress associated with LITTLE CAESARS