# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **LITTLE CAESAR ENTERPRISES, INC.**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **MIRAMAR QUICK SERVICE RESTAURANT CORPORATION** et al., <br><br> Defendants. | 2:18-cv-10767 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY** |

Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc., which owns the Little Caesars trademark, are suing several of their former pizza restaurant franchisees for violating the franchise agreement that governed the parties' relationships and mutual obligations. This Court previously entered a preliminary injunction enjoining Defendants Miramar Quick Service Restaurant Corporation, Silon Corporation, Khalid Drihmi, and Abdel Drihmi from continuing to operate their Little Caesars restaurants, infringing on the Little Caesars marks, and violating post-termination provisions of the franchise agreement. Defendants wish to appeal the Court's preliminary injunction and now request that the Court stay enforcement of the preliminary

injunction orders (ECF Nos. 51, 52) pending their interlocutory appeal to the Sixth Circuit. For reasons explained below, the motion to stay will be denied.

The appellate court reviews a district court's decision to grant a motion for preliminary injunction for an abuse of discretion. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). The district court's decision will only be disturbed if the court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 845 F.2d 150, 153 (6th Cir. 1991) (citing *NAACP v. City of Mansfield*, 866 F.2d 162, 166–67 (6th Cir. 1989)).

Rule 62(d) of the Federal Rules of Civil Procedure provides that while an appeal from an interlocutory order granting an injunction is pending, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." District courts consider largely the same factors in assessing whether such a stay is appropriate pending resolution of the interlocutory appeal as they do in do in deciding whether to issue a preliminary injunction in the first place. *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). Those factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a

stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Griepentrog*, 845 F.2d at 153. These four factors are "interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action*, 473 F.3d at 244.

### A. Likelihood of Success on Appeal

The motion to stay advances no new factual or legal arguments but instead repeats the same positions previously rejected by this Court in its order granting Plaintiffs' motion for a preliminary injunction and denying Defendants' motion. ECF No. 51. For example, Defendants repeat the allegations that Plaintiffs' termination of the franchise agreement was the culmination of a series of retaliatory actions taken in response to Defendants' refusal to purchase stores from a large franchisee favored by Plaintiffs, and that Plaintiffs' behavior was also motivated by national-origin discrimination. ECF No. 55 PageID.1038. But the evidence in support of these allegations is not strong. Moreover, Defendants have failed to rebut compelling evidence in the record that Defendants violated key provisions of the franchise agreement, thereby warranting termination under the agreement's plain language.

For example, Defendants previously acknowledged that they missed several required payments to Plaintiffs—an omission that justifies termination according to the franchise agreement. *See* ECF No. 41-4 (Drhimi Aff.). In support of their request for a stay, Defendants now

attach new spreadsheets, which they present as "a record of payment of their royalty and other payments that is more credible than the one the plaintiff presented in their motion." ECF No. 55 PageID.1041; ECF Nos. 55-1, 55-2. But Defendants do not explain whether or how these charts contravene evidence of their apparently outstanding payments presented by Plaintiffs—only that these charts are more credible than any evidence of non-payment produced by Plaintiffs. Further, Defendants do not explain the origin of these spreadsheets, or attempt to authenticate them. For that reason, the Court considers them to have limited evidentiary value. And significantly, Defendants do not deny that they failed to make the required payments within the time-period provided for by the franchise agreement. Even payment-in-full of the amounts Defendants owed Plaintiffs—well after the cure-period deadline—would not be a compelling defense to Plaintiffs' claims arising from breach of the franchise agreement and, accordingly, would not change this Court's analysis of Defendants' likelihood of success on appeal. Because Defendants have not convinced the Court that they are likely to succeed on their interlocutory appeal, this factor favors denial of the motion to stay the preliminary injunction.

### B. Likelihood of Irreparable Harm

The Court acknowledges that the preliminary injunction requires Defendants to cease operating their Little Caesars pizza restaurant franchises and that consequently Defendants may experience financial

4

hardship as a result of their compliance with the Court's order. This harm is not irreparable, however, because it is readily compensable by monetary damages. Fundamentally, this case involves the operation of four franchise restaurants. As explained by another court in this district deciding a similar case, injury to a franchisee stemming from termination of a franchise agreement is "clearly compensable by money damages." *Little Caesar Enter., Inc. v. R-J-L Foods, Inc.*, 796 F. Supp. 1026, 1035 (E.D. Mich. 1992). In their motion, Defendants themselves emphasize that the harm they seek to avoid by requesting the stay is that related to "suspend[ing] all operations or clos[ing] the doors to all the four (4) franchises they owned." ECF No. 55 PageID.1036. The Court finds Defendants have not established a likelihood of *irreparable* harm—that is, harm not compensable by monetary damages—that would weigh in favor of issuing a stay.

### C. Harm to Others

As set forth in its previous order, the Court has already determined that Plaintiffs will suffer harm absent a preliminary injunction prohibiting Defendants from continuing to operate their now-unauthorized Little Caesars franchises. *See* ECF No. 51 PageID.1016–17. The likelihood of confusion or potential reputational damage in a trademark infringement case such as this, according to the Sixth Circuit, demonstrates irreparable injury to the trademark owner. *See Lucky's Detroit, LLC v. Double L, Inc.*, 533 F. App'x 553, 555 (6th Cir. 2013);

*Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Because the franchise agreement has been terminated and Defendants are no longer making required payments to Plaintiffs (and failing to comply with other post-termination obligations), staying the preliminary injunction will cause harm to Plaintiffs.

### D. Public Interest

Other courts in this district as well as the Sixth Circuit have recognized that there is a public interest in protecting a trademark holder's property interest in its marks, and in preventing consumer confusion that could result where a former franchisee no longer in compliance with the franchise agreement continues to hold itself out as a restaurant authorized by the franchisor. *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006); *R-J-L Foods, Inc.*, 796 F. Supp. at 1036. Based on this jurisprudence, the Court finds that staying the preliminary injunction would not promote the public interest.

## CONCLUSION

For these reasons, Defendants' motion to stay the preliminary injunction orders pending the appellate court's adjudication of their interlocutory appeal ((ECF No. 55) is **DENIED**.

Dated: August 23, 2019
    s/Terrence G. Berg
    TERRENCE G. BERG
    UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 23, 2019.

    s/A. Chubb
    Case Manager