UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LITTLE CAESAR ENTERPRISES, INC., et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **MIRAMAR QUICK SERVICE RESTAURANT CORPORATION et al.**, <br><br> Defendants. | 2:18-cv-10767 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER DENYING ORDER TO SHOW CAUSE AS MOOT, GRANTING COUNSEL'S MOTION TO WITHDRAW** |

This case is before the Court on two motions. First, a motion for order to show cause as to why Defendants and Counter-Claimants Miramar Quick Service Restaurant Corporation, Silon Corporation, Khalid Drihmi, and Abdel Drihmi should not be held in contempt for violating the Court's preliminary injunction order filed by Plaintiffs Little Caesar Enterprises, Inc., and LC Trademarks, Inc. ("Little Caesar's"). ECF No. 59. And second, a motion to withdraw submitted by counsel for Defendants. ECF No. 68.

In its show-cause motion, Little Caesar's urges that, although Defendants have stopped operating their franchises, they continue to display Little Caesar's property marks inside their now-closed restaurants, in violation of the preliminary injunction order. Little Caesar's has offered to coordinate with Defendants' landlords to facilitate

1

removal of any remaining property marks from the former franchises. ECF No. 70, PageID.1230. This is a reasonable and appropriate approach, and the Court approves Little Caesar's initiative to work with Defendants' former landlords to see that its marks are fully removed from the properties. Should Little Caesar's incur unusual or exorbitant expenses in carrying out this work, it may submit a request for an award of reasonable fees and costs for removing the remaining marks. In light of the preceding, the motion to show cause, ECF No. 59, will be denied as moot.

The Court will also grant defense counsel's motion to withdraw, ECF No. 68. Defendants shall have 14 days from the date of this Order to retain new counsel or, in the case of the non-corporation Defendants, to notify the Court whether they intend to retain counsel, or proceed pro se. Once new counsel is retained and a notice of appearance filed, a status conference will be scheduled to discuss revising the Scheduling Order. Failure to comply with these instructions may result in default judgment in favor of Little Caesar's.

## DISCUSSION

After Little Caesar's filed its show-cause motion, Defendants submitted a report describing the status of their compliance with the preliminary injunction order. ECF No. 69. In that report, Defendants explained they have been unable to gain access to their former restaurants to remove the property marks inside. ECF No. 69,

PageID.1217–18. The properties' landlords have apparently changed the locks and forbidden access by Defendants, who have not paid rent. *See id.* Defendants have, however, provided Little Caesar's with contact information for the landlords, ECF No. 69-1, and Little Caesar's has agreed to work with the landlords to ensure all remaining property marks are removed. ECF No. 70, PageID.1230. As requested, the Court will allow Little Caesar's to submit a request for an award of reasonable fees and costs incurred in removing the marks—a task that should have long ago been carried out by Defendants under the preliminary injunction order. *See* ECF No. 70, PageID.1230.

Concerning defense counsel's motion to withdraw, the Court finds reason to permit Kerby Roberson to withdraw as counsel. Because all artificial entities, including corporations, must be represented by counsel to proceed in federal court, Defendants Miramar Quick Service Restaurant Corporation, and Silon Corporation must retain new counsel if they intend to defend the action. *Rowland v. Cal. Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993). Failure to do so may result in a default judgment. *See Smith v. Comm'r*, 926 F.2d 1470, 1475 (6th Cir. 1991) ("It is well established that courts have inherent power to dismiss and/or enter a default when a party disobeys a court order or otherwise interferes with the efficient administration of justice."); *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2013 WL

3

4039371, at *5 (E.D. Mich. Aug. 7, 2013) ("Courts have long had the inherent authority to enter default as a sanction.").

Although Defendants Khalid Drihmi, and Abdel Drihmi may technically proceed pro se, that is, to represent themselves without the assistance of counsel, if they decide to do so they will be personally responsible for complying with all orders and deadlines set by the Court or agreed to by the parties, including filing any motions, responses, briefs, or other legal papers that may be required during the course of the litigation. Any failure to appropriately defend the case by the Drihmis may also result in default judgment. *See* Fed. R. Civ. P. 55(a) (providing authority for courts to enter default judgment against defendants who do not "otherwise defend.").

## CONCLUSION

It is hereby **ORDERED** that the motion for order to show cause filed by Plaintiffs Little Caesar Enterprises, Inc., and LC Trademarks, Inc. is **DENIED AS MOOT**. Plaintiffs are instructed to file a brief status report to the Court indicating whether the property marks have been removed from the former Little Caesar's franchises and, if necessary, to submit an assessment of reasonable fees and costs incurred.

It is **FURTHER ORDERED** that the motion to withdraw filed by defense counsel Kerby Roberson is **GRANTED**. Clarence Tucker, local counsel, will also be withdrawn as counsel for defendant in this matter.

Counsel is directed to immediately serve a copy of this Order on Defendants Khalid Drihmi and Abdel Drihmi.

If Defendants and Counter-Claimants Miramar Quick Service Restaurant Corporation, and Silon Corporation wish to further contest this case, they are **HEREBY ORDERED** to retain counsel within 14 days of the date of this Order. Newly retained counsel must also file a notice of appearance within that same timeframe.

Defendants Khalid Drihmi and Abdel Drihmi are hereby **ORDERED** to retain counsel within 14 days of the date of this Order. Newly retained counsel must also file a notice of appearance within that same timeframe. If Defendants Khalid Drihmi and Abdel Drihmi do not wish to retain counsel and intend to represent themselves, they must **NOTIFY** the Court via email within 14 days of the date of this Order. An email must be directed to efile_berg@mied.uscourts.gov.

Failure to retain counsel or to otherwise defend the case and prosecute Defendants' counterclaims may result in default judgment.

**SO ORDERED.**

Dated: May 26, 2020        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE

5